**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| **TEVIN MURPHY-ROBINSON** | **NO.  24-62** |

## <u>MEMORANDUM</u>

**HODGE, J.**                                              **JANUARY 8, 2025**

## I.    INTRODUCTION

Defendant Tevin Murphy-Robinson ("Murphy-Robinson") was indicted and charged with one count of possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §922(g)(1). Murphy-Robinson has moved to dismiss the Indictment against him relying on *Range v. Attorney General United States*, 69 F.4th 96 (3d Cir. 2023). Murphy-Robinson contends that § 922(g)(1) is unconstitutional, both on its face and as applied to him. Murphy-Robinson also asserts that § 922(g)(1) is unconstitutionally vague and an improper exercise of Congress's Commerce Clause power.

The government opposes Murphy-Robinson's motion on the basis that Murphy-Robinson's prior conviction demonstrates he poses a danger to others and is therefore subject to firearm regulations consistent with our nation's history and traditions. The Government argues that its position is bolstered by the Supreme Court's vacating the decision in *Range*, and the Court's subsequent decision in *Rahimi. See Garland v. Range,* 144 S. Ct. 2706, 2707 (2024) (vacating the judgment in *Range*); *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding a federal statute prohibiting individuals subject to a domestic violence restraining order from possessing a firearm).

Even before the *Range* judgment was vacated, the Third Circuit was clear that the decision in *Range* was a narrow one, and found only that § 922(g)(1) was unconstitutional *as applied to*

1

*Range.* 69 F.4th 96, 106 (2023). This Court disagrees with Murphy-Robinson that the Third Circuit's holding in *Range* is applicable to this Defendant. The Court therefore denies Murphy-Robinson's motion to dismiss Count One of the Indictment.

## II.    BACKGROUND

18 U.S.C. § 922(g)(1) makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). In 2017, Murphy-Robinson was convicted and sentenced in state court on charges of aggravated assault, four firearm offenses, simple assault, and recklessly endangering another person. (ECF No. 18 at 2.) Based on his prior conviction, Murphy-Robinson is among those categorically disarmed under § 922(g)(1).

## III.    DISCUSSION

Our Nation has a tradition of "disarming those persons who legislatures believe would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring). The Supreme Court has recognized this tradition, repeatedly emphasizing that only "ordinary, law-abiding citizens" enjoy the protection of the Second Amendment when keeping or bearing firearms. *New York State Pistol & Rifle Ass'n, Inc. v. Bruen*, 597 U.S. 1, 8 (2022) (citing *District of Columbia v. Heller*, 554 U.S. 570, 630 (2008)). In *Heller*, the Court made clear that, "nothing in [its] opinion should be taken to cast out any longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 626. In *Bruen*, Justice Alito, concurring, emphasized that the holding did not "disturb[] anything [the Court] said in *Heller* or *McDonald* about restrictions that may be imposed on the possession or carrying of guns." *Bruen*, 597 U.S. at 72 (Alito, J., concurring); *see also Id.*, at 80 (Kavanaugh, J., concurring, joined by Roberts, C.J.) ("[p]roperly understood, the Second Amendment allows a 'variety' of gun regulations[,]" including the "longstanding prohibition[] on the possession of firearms by felons.").

2

The Supreme Court reaffirmed this position in *Rahimi*, writing that, "[s]ince the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." 602 U.S. at 690; *see also Range*, 69 F.4th at 128 ("centuries of Anglo-American history demonstrat[ing] that legislatures [have] repeatedly exercised their discretion to impose status-based restrictions disarming [those] who were presumed, based on past conduct, unwilling to obey the law.") (Krause, J., dissenting).

### A.    The *Range* Opinion

In *Range*, the Third Circuit Court of Appeals sitting *en banc* held that, under *Bruen*, the government may not constitutionally deprive a law-abiding citizen of his Second Amendment rights unless that deprivation is consistent with the history and tradition of our Nation. *Range*, 69 F.4th at 101. In *Range*, the Third Circuit applied the historical framework analysis in the case of an individual who had, many years prior, been convicted of fraud arising from misrepresentations made on a food stamp application, and ultimately held that the government failed to show a historical tradition supporting the disarmament of "people like Range." *Range*, 69 F.4th at 106.

The Third Circuit explained that its holding in *Range* was "a narrow one." *Range*, 69 F.4th at 106. And as Judge Ambro noted in his concurrence, relying on *Heller* and *Bruen*, the restriction preventing felons from possessing firearms "remains 'presumptively lawful.'" *Id*., at 109-110 (quoting *Bruen*, 597 U.S. at 80-81 (Kavanaugh, J., concurring)).  In other words, the *Range* decision "did not purport to vitiate § 922(g)(1) or limit Congress' ability to disarm those 'who pose a threat to the orderly functioning of society.'" *United States v. Blackshear*, 2023 WL 5985284 (E.D. Pa. Sept. 14, 2023) (citing *Range*, 69 F.4th at 110 (Ambro, J., concurring)).

This Court does not find Murphy-Robinson's reliance on *Range* persuasive. However, to the extent *Range* was ever relevant to this case, the Supreme Court's decision to vacate the Third

Circuit's judgment in *Range* means that *Range* no longer controls here. *Garland v. Range,* 144 S. Ct. 2706, 2707 (2024).

**B.  § 922(g)(1) is Constitutional on its Face.**

The government still has the burden to overcome the presumption that the Defendant's conduct is protected. It "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19; *Range*, 69 F.4th at 103.  In thoughtful and well-reasoned decisions, judicial colleagues in this district have repeatedly found that the ban on possession of firearms by a person previously convicted of crimes is constitutional.[1] This Court therefore joins them in holding that § 922(g) does not violate the Second Amendment. Accordingly, the Court rejects Murphy-Robinson's facial challenge.

**C.  § 922(g)(1) is Constitutional as Applied to Murphy-Robinson.**

In analyzing claims that § 922(g) is unconstitutional, our colleagues applied the historical

---

[1]     *See, e.g., United States v. Perkins,* No. CR 23-66, 2023 WL 7329503, at *3 (E.D. Pa. Nov. 7, 2023) (Pratter, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for robbery); *United States v. Johnson,* No. 23-77, 2023 WL 6321767, at *3 (E.D. Pa. Sept. 27, 2023) (Pappert, J.)( denying as-applied challenge to § 922(g)(1) by defendant with multiple felony drug and firearm convictions) (citing *Smith v. United States*, 508 U.S. 223, 240 (1993)); Order, Sept. 7, 2023, *United States v. Dominque Butler,* No. 23-cr-233, ECF No. 21 (Kenney, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for robbery, conspiracy to commit robbery, and possession of a controlled substance with intent to deliver); *United States v. Ames*, No. 23- 178, 2023 WL 5538073 (E.D. Pa. Aug. 28, 2023) (Kenney, J.) (denying as-applied challenge to section 922(g)(1) by defendant with felony robbery and aggravated assault offenses based "presumptively lawful" longstanding felon dispossession statutes) (citing *Heller*, 554 U.S. at 626-27 n. 26); *United States v. Brown,* No. CR 20-260-1, 2023 WL 424260, at *4 (E.D. Pa. Jan. 26, 2023) (Rufe, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for burglary, possession of narcotics with intent to deliver, and possession of a firearm without a license); *United States v. Ahmad Williams*, 2024 WL 69141, at *3 (E.D. Pa. Jan. 5, 2024) (Savage, J.) (rejecting as-applied challenge to § 922(g)(1) by defendant with convictions for aggravated assault, receiving stolen property, conspiracy, and firearm violations); *United States v. Jenkins*, 2023 WL 6534200, at *9 (E.D. Pa. Oct. 6, 2023) (Beetlestone, J.) (rejecting as-applied and facial challenge to § 922(g)(1) by defendant with convictions for drug trafficking, who could not show that his intended "conduct was covered by the Second Amendment.").

framework for assessing the constitutionality of a firearm regulation established in *Bruen*. By the mid-19th century, states had adopted statutes that required individuals "threatening to do harm" to "post bond before carrying weapons in public." *Bruen*, 597 U.S. at 5. We have a history and tradition in this nation of "disarming those persons who legislatures believe would, if armed, pose a threat to the orderly functioning of society." *Range*, 69 F.4th at 110 (Ambro, J., concurring).

In 2017, Murphy-Robinson was convicted of aggravated assault, carrying firearms without a license, and possession of an instrument of crime. (ECF No. 19 at 4.) His convicted described the Defendant as having "recklessly caused/attempted to cause serious bodily injury to the complainant . . . by firing an unlicensed firearm at him, striking him in the body. . ." (*Id.*) This conduct demonstrates that defendant has engaged in the kind of violent behavior that § 922(g)(1) was enacted to prevent in the future. Murphy-Robinson is not like Range. He is not a law-abiding citizen protected by the Second Amendment. Thus, the Court holds that the government has met its burden to show that § 922(g) as applied to the defendant is constitutional.

### D. § 922(g)(1) is Not Void for Vagueness

Murphy-Robinson advances two additional arguments in support of his motion. First, he asserts that § 922(g)(1) is unconstitutionally vague, and second, he asserts that § 922(g)(1) is an improper exercise of Congressional Commerce Clause power. The Court will analyze these issues in turn.[2]

A criminal statute is only impermissibly vague where it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages

---

[2]     The Court notes that the Government has failed to address these two arguments in its Opposition to the Motion to Dismiss the Indictment. However, the Court has found *sua sponte* that the Defendant's arguments lack merit. While the Court recognizes that this type of motion is frequently filed in cases involving § 922(g)(1), the Court reminds the Government of its obligation to respond to any argument a Defendant puts forward.

seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). That *Range* provided a "narrow" pathway for an individual with a qualifying conviction to restore his gun rights does not call into question the clarity of § 922(g)(1). Plainly, the statute makes it unlawful for any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year to possess or receive any firearm. 18 U.S.C. § 922(g)(1). The Court is satisfied that individuals subject to § 922(g)(1) restrictions have "fair notice of what is prohibited" upon receiving their qualifying convictions. *Williams*, 553 U.S. at 304.

**E. Murphy-Robinson's Argument that § 922(g)(1) Violates the Commerce Clause is Foreclosed by this Court's Precedent.**

Lastly, Murphy-Robinson asserts that § 922(g)(1) is unconstitutional under the Commerce Clause. However, Murphy-Robinson concedes that this argument is foreclosed by binding precedent in this Circuit. (ECF No. 18 at 19); *see United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001). As such, this argument is rejected. The Defendant's motion is therefore denied. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
_____
**HODGE, KELLEY B., J.**